# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| EUGENE QUICK, | ) | Case No. 3:18-cv-93 |
| --- | --- | --- |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| THE GEO GROUP, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Sanctions. (ECF No. 25.) This Motion is fully briefed (*see* ECF Nos. 30, 31) and is ripe for disposition. For the reasons that follow, Plaintiff's Motion is **GRANTED**.

I.  **Background**

On April 19, 2018, Plaintiff Eugene Quick filed a three-count Complaint against his former employer, Defendant The Geo Group, Inc., in the Court of Common Pleas of Clearfield County, Pennsylvania. (*See* ECF No. 1-3.) Plaintiff alleges that Defendant violated the Pennsylvania Human Resources Act by creating a hostile work environment (Count I) and wrongfully terminating Plaintiff's employment (Count II), and that Defendant intentionally inflicted emotional distress upon Plaintiff (Count III). (*See id.*) Defendant removed the case to this Court on May 8, 2018. (*See* ECF No. 1.)

The instant discovery dispute arose based on Defendant's disclosure of electronically stored information. On November 6, 2018, Plaintiff sent Defendant a broad request for "all non-

privileged letters, emails, or other correspondence in Defendant's possession that Defendant or its representative have had with anyone . . . regarding the facts at issue in this matter. (ECF No. 30 at 3.) After Defendant objected, Plaintiff submitted a second request for production on February 15, 2019. (*Id.*) Plaintiff requested "all non-privileged emails in Defendant's possession referring to 'Eugene,' 'Eugene Quick,' 'Mr. Quick,' or 'Training Administrator,' which were either sent or received between March 1, 2016, and the present." (*Id.* at 4.) Defense counsel objected to the scope of that request and requested that Plaintiff's attorney narrow the scope of the request. (*Id.* at 4-5.) Fact discovery ended on April 1, 2019, and Defendant did not disclose 10,000 pages of emails until April 10, 2019. (*Id.* at 5.)

In his Motion for Sanctions, Plaintiff argues that Defendant should be sanctioned for disclosing 10,000 pages of emails to Plaintiff on April 10, 2019—ten days after the period for fact discovery ended under the Court's scheduling order. (ECF No. 25 at 1.) Plaintiff requests that discovery in the matter be reopened so that he can conduct second depositions of Plaintiff's former supervisors, Shon Kuta and Edwin Uhlig. (*Id.* at 3.) Plaintiff argues that "had Mr. Quick received the more than 10,000 pages of documents that were disclosed after the discovery deadline, the depositions in this matter would have been approached much differently." (*Id.*)

In response, Defendant argues that Plaintiff's Motion must be denied because Plaintiff did not confer in good faith prior to filing the Motion. (ECF No. 30 at 8.) Defendant contends that Plaintiff's Motion did not comply with the Federal Rules of Procedure and Local Rules because it (1) did not to include a certification that he conferred in good faith with defense counsel, and (2) did not include the specific discovery request which is the subject of the motion. (*Id.* at 8-9.)

Finally, Defendant argues that Plaintiff does not demonstrate why the Defendant's late disclosure of the emails necessitates additional depositions. (*Id.* at 10.)

## II. Jurisdiction and Venue

The Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332. Venue is appropriate under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to this case took place within the Western District of Pennsylvania.

## III. Legal Standard

To modify a scheduling order, a party must demonstrate "good cause." FED. R. CIV. P. 14(b)(4). "The 'good cause' inquiry focuses on the moving party's burden to show due diligence." *Courtney v. Ivanov*, No. 3:13-cv-227, 2016 WL 1367755, at *2 (W.D. Pa. Apr. 6, 2016) (Gibson, J.) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)). In the context of requests to extend deadlines, courts have defined "good cause" to include "circumstances beyond the control of a party." *See id.* (citing *Partners Coffee Co., LLC v. Oceana Servs. and Prods. Co.*, No. 09-cv-23, 2010 U.S. Dist. LEXIS 41695, 2010 WL 1726829 (W.D. Pa. Apr. 28, 2010); *Lord v. Consolidated Rail Corp*, No. 13-784, 2015 U.S. Dist. LEXIS 142119, at *9, 2015 WL 6163951 (D. N.J. Oct. 19, 2015)) ("A court may find good cause to amend the scheduling order where the movant learns of the facts supporting [the motion] after the expiration of the relevant deadline.").

Rule 37 authorizes the Court to levy sanctions when a party fails to comply with discovery deadlines. *See* FED. R. CIV. P. 37(b)(3)(B)(iv); *Yoder v. Frontier Nursing Univ., Inc.*, No. 17-cv-18, 2018 WL 1524395, at *1 (W.D. Pa. Mar. 28, 2018) (Gibson, J.). Under Rule 37(d), "[t]he court where the action is pending may . . . order sanctions if . . . a party, after being properly served with [discovery requests] . . . fails to serve its answers, objections, or written response. FED. R. CIV. P.

37(d)(1)(A). "[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

## IV. Discussion

The Court will grant Plaintiff's Motion for Sanctions and permit him to take second depositions of Shon Kuta and Edwin Uhlig.

### A. Plaintiff Has Demonstrated Good Cause to Amend the Discovery Deadline to Conduct Second Depositions of Shon Kuta and Edwin Uhlig

The Court finds that Plaintiff has demonstrated good cause to amend the discovery deadline because he acted with diligence during the discovery process. *Courtney*, 2016 WL 1367755, at *2 ("The 'good cause' inquiry focuses on the moving party's burden to show due diligence.").

Plaintiff began to seek emails from Defendant in November of 2018 when Plaintiff requested all emails related to the facts at issue in this matter. (ECF No. 30 at 3.) This request was overly broad. Upon Defendant's objection, however, Plaintiff narrowed the request in February of 2019 to request "nonpriveleged emails in Defendant's possession related to 'Eugene,' 'Eugene Quick,' 'Mr. Quick,' or 'Training Administrator,' which were either sent or received between March 1, 2016, and the present." (*Id.* at 4.) The Court finds that Plaintiff's second request for emails was narrowed to a reasonable scope because it contained specific search terms and definite timeframe.

In March of 2019, Defendant's counsel "object[ed] again to the scope for Quick's unlimited request for ESI and failure to meet and confer." (*Id.*) Defendant's counsel "ask[ed] if [Plaintiff's counsel] would provide a list of custodians and search terms pursuant to the parties' ESI agreement." (*Id.*) The Court finds that defense counsel's objections to Plaintiff's second request for emails was unreasonable. Plaintiff's second request was obviously limited in scope—it identified four search terms and a reasonably narrow timeframe. (*Id.*) Moreover, Plaintiff had no obligation to identify the custodians of the records in Defendant's possession. (*Id.*)

The Court rejects Defendant's argument that Plaintiff's counsel failed to confer about his requests for emails. It is clear that the parties conferred about this discovery request on several occasions before the April 1, 2019 fact-discovery deadline. Defendant admits that the parties discussed the request for emails on March 13, March 15, March 22, April 3, and April 5. (*Id.* at 4-5.)

Then, in May of 2019, after receiving 9,400 emails and attachments on April 10, 2019, Plaintiff's counsel emailed Defendant's counsel with concerns about Defendant's production of emails. (*Id.* at 6.) Plaintiff's counsel and Defendant's counsel held a telephone conference on June 18, 2019 to discuss the possibility of (1) reopening discovery so that Plaintiff could conduct second depositions of Kuta and Uhlig, and (2) extending the dispositive motion deadline. (*Id.*) The parties did not reach an agreement on that call. (*Id.*) After that call, Plaintiff filed the instant Motion. Accordingly, the Court finds that the record of communications between counsel indicates that Plaintiff exercised due diligence in pursuing the emails and attempting to resolve the discovery dispute.

The Court also finds that Plaintiff has shown that factors out of his control justify extending the discovery deadline. Defendant did not timely disclose the 4,900 emails and attachments. It is reasonable that Plaintiff's counsel would require time to review 4,900 emails and analyze how those emails affect his case, including whether the contents of the emails necessitated further discovery. And after receiving the emails, Plaintiff's counsel conferred with Defendant's counsel and sought clarification about the production. Plaintiff did not file the instant Motion until after those communications.

Finally, the Court finds that Plaintiff has explained why Defendant's untimely disclosure of emails necessitates second depositions of Kuta and Uhlig. Plaintiff points out that Defendant's email disclosure included a document (Bates No. GEO_QUICK_0002541) that was part of Geo's Policy and Procedural Manual. (ECF No. 31 at 6.) The manual references Geo's policy for handling and responding to adverse employee job actions. (*Id.*) Plaintiff points out that it would have utilized this manual in its depositions of Kuta and Uhlig. This is reasonable given that Plaintiff alleges that Kuta and Uhlig, his supervisors, were involved in Defendant's decision to terminate Plaintiff's employment.

The Court is therefore not persuaded by Defendant's argument that "[Quick] and his counsel failed to act for more than two months after receiving the ESI they argue entitles them to additional discovery. Accordingly, the Court will extend fact discovery to allow Plaintiff to conduct second depositions of Kuta and Uhlig.

**B. Defendant Shall Bear the Expense of the Second Depositions of Shon Kuta and Edwin Uhlig for Failing to Disclose Emails Before the Discovery Deadline**

Here, there is no dispute that Defendant failed to comply with the discovery deadline. Accordingly, under Rule 37, the Court may order the payment of reasonable expenses as a result of Defendant's failure to provide Plaintiff with emails before the April 1, 2019 discovery deadline. FED. R. CIV. P. 37(c)(1). The Court finds that Plaintiff's requested sanction—that the second depositions of Kuta and Uhlig to be conducted at Defendant's expense—is reasonable. (ECF No. 25 at 4.) Moreover, the Court finds that Plaintiff is entitled to sanctions although his Motion for Sanctions did not include a certification that he conferred with counsel in good faith because his Motion details the parties' correspondence on this discovery dispute.

## V.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Sanctions (ECF No. 25) is **GRANTED**. The Court will extend the period for fact discovery for 45 days for the limited purpose of allowing Plaintiff to take second depositions of Shon Kuta and Edwin Uhlig. As a sanction for its noncompliance with the fact-discovery deadline in this case, Defendant shall bear the costs associated with these depositions.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE QUICK, | ) | Case No. 3:18-cv-93 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| THE GEO GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

AND NOW, this 16th day of August, 2019, upon consideration of Plaintiff's Motion for Sanctions (ECF No. 25), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. The Court will extend the period of fact discovery for the limited purpose of allowing Plaintiff to take second depositions of Shon Kuta and Edwin Uhlig. Plaintiff shall conduct those depositions no later than 45 days after the Court enters this order. Defendant shall bear the costs associated with these depositions.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE